# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE    LARRY FRANCIS USELTON | ) | |
|          Debtor | ) | BK –18-40702 |
| | ) | Chapter 7 |
| | | |
| EVANSVILLE TEACHERS FEDERAL CREDIT UNION | ) | |
|          Movant | ) | |
|          vs | ) | |
| LARRY FRANCIS USELTON and DANA S FRAZIER | ) | |
|          Respondents | ) | |

## MOTION FOR RELIEF FROM STAY AND FOR ABANDONMENT

COMES NOW the Evansville Teachers Federal Credit Union, by its attorneys Gilbert, Huffman, Prosser, Hewson & Barke, Ltd. and for its Motion For Relief from Stay and For Abandonment, states as follows:

1. The petition commencing this Chapter 7 case was filed as a Chapter 13 case on July 31, 2018, was converted to Chapter 7 on October 23, 2018 and is now pending in this Court.

2. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding.

3. The Evansville Teachers Federal Credit Union seeks relief from the automatic stay under 11 U.S.C. § 362 to pursue its non-bankruptcy remedies in certain personal property of the debtor as defined below.

4. The Evansville Teachers Federal Credit Union is a secured creditor of the Debtor and holds a perfected security interest on a certain vehicle, to wit:  2014 Ford Taurus automobile, VIN: xxxxxxxxxx165053  ("Collateral") owned by the Debtor. Copies of the Retail Installment Contract and vehicle title perfecting the security interest are attached hereto as Exhibit "A".

5. The subject Collateral is subject to the perfected security interest in favor of the Evansville Teachers Federal Credit Union, and as set forth below the debt against the Collateral exceeds the value of said Collateral such that there is no equity or value to the Estate in the subject Collateral.

6. The Collateral is not necessary to any reorganization of the Debtor.

7. The balance due is $16,181.32 broken down as follows:
   Unpaid principal                         $15,963.69
   Accrued interest to 10/23/18        $    180.63
   Late Fees                                    $      37.00

8. The specific months for which default is alleged:  May, 2018 to date.

9. Approximate value of the collateral: $12,000.00 based upon NADA.

WHEREFORE, the Evansville Teachers Federal Credit Union respectfully moves for an order lifting the automatic stay as to the above-described Collateral, and for an order of abandonment, that any Order modifying the stay be effective immediately as allowed under Bankruptcy Rule 4001(a)(3), and that the Court enter such further relief as is proper.

Respectfully submitted,
Evansville Teachers Federal Credit Union

BY:    /s/ *Patrick J. Hewson*
Patrick J. Hewson, 06193175

**Gilbert, Huffman, Prosser, Hewson & Barke, Ltd.**
Attorneys at Law
102 Orchard Drive
P.O. Box 1060
Carbondale, IL  62903-1060
TEL:  (618) 457-3547
FAX:  (618) 457-8017
phewson@southernillinoislaw.com

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE    LARRY FRANCIS USELTON ) | | |
| Debtor ) | BK –18-40702 | |
| ) | Chapter 7 | |
| | | |
| EVANSVILLE TEACHERS FEDERAL CREDIT UNION ) | | |
| Movant ) | | |
| vs ) | | |
| LARRY FRANCIS USELTON and DANA S FRAZIER ) | | |
| Respondents ) | | |

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I filed this <u>Motion for Relief from Stay and for Abandonment</u> with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**United States Trustee**　　　　　　　**Dana S Frazier, Case Trustee**
USTPRegion10.es.ecf@usdoj.gov　　　frazierlaw@frontier.com

and that I served the foregoing document by sending to **Larry Francis Uselton**, Pro Se Debtor, 245 W. Meadowbrook Drive, Shawneetown, IL 62984 and to **ALL CREDITORS ON THE CREDITOR'S MATRIX**, via first class mail, postage prepaid to said person(s) on the 9TH day of November, 2018.

　　　　　　　　　　　　　　　　Respectfully Submitted:  EVANSVILLE
　　　　　　　　　　　　　　　　TEACHERS FEDERAL CREDIT UNION

　　　　　　　　　　　BY:　/s/ *Patrick J. Hewson*
　　　　　　　　　　　　　　PATRICK J. HEWSON, 06193175

　　I further certify that a proposed Order in Word format was emailed to Judge Laura Grandy at her email address of BENTONorders@ilsb.uscourts.gov  with a copy to counsel and the Debtor at the email and mailing address(es) as set forth above on the 9TH day of November, 2018.

BY:　/s/ *Patrick J. Hewson*
　　Patrick J. Hewson, 06193175

**Gilbert, Huffman, Prosser, Hewson & Barke, Ltd.**
Attorneys at Law
102 S. Orchard Drive
P.O. Box 1060
Carbondale, IL  62903-1060
TEL:  (618) 457-3547
FAX:  (618) 457-8017
phewson@southernillinoislaw.com

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE    LARRY FRANCIS USELTON | ) | |
| Debtor | ) | BK –18-40702 |
| | ) | Chapter 7 |

| | |
|---|---|
| EVANSVILLE TEACHERS FEDERAL CREDIT UNION | ) |
| Movant | ) |
| vs | ) |
| LARRY FRANCIS USELTON and DANA S FRAZIER | ) |
| Respondents | ) |

### STATEMENT LISTING ANY OTHER ENTITY/PARTY WITH LEGAL OR EQUITABLE INTEREST

Comes now Movant, pursuant to S.D. Ill. LBR 4001-2(B)(1), and states that to the best of its knowledge, information and belief, the only other party(ies) who may have a legal or equitable interest in the property which is the subject of the foregoing motion is:

NONE KNOWN TO MOVANT

Evansville Teachers Federal Credit Union

BY:   /s/ *Patrick J. Hewson*
         Patrick J. Hewson, 06193175

**Gilbert, Huffman, Prosser, Hewson & Barke, Ltd.**
Attorneys at Law
102 S. Orchard Drive
P.O. Box 1060
Carbondale, IL  62903-1060
TEL (618) 457-3547
FAX (618) 457-8017
phewson@southernillinoislaw.com

**Exhibit A**
**Motion for Relief From Stay**
**Evansville Teachers Fed'l CU**
**vs.**
**Uselton**
**18-40702**

IN-102 7/1/2014

# Retail Installment Contract and Security Agreement

Seller: EXPRESSWAY FORD MERCURY, 3800 HWY. 62 E., MT. VERNON, IN 47620
Buyer: LARRY USELTON, 245 W MEADOWBROOK, SHAWNEETOWN IL 62984
Date: 25 SEP 2015

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 3.01 % | $2858.42 | $30372.46 | $33230.88 | $36230.88 (down payment $3000.00) |

### Payment Schedule
| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 72 | $461.54 | MONTHLY, BEG. 10/25/2015 |
| N\A | N\A | N\A |
| N\A | N\A | N\A |

Security. You are giving us a security interest in the Property purchased.

Late Charge. If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of $18.50...

Prepayment. If you pay off this Contract early, you ☒ may ☐ will not have to pay a Minimum Finance Charge.

## Description of Property

| Year | Make | Model | Style | Vehicle ID# | Odometer Mileage |
|---|---|---|---|---|---|
| 2014 | FORD | TAUR | SD | 5053 | 33230 |

☐ New ☒ Used ☐ Demo

## Description of Trade-In
2013 CHEV CAPTIVA

## Conditional Delivery
☐ Conditional Delivery. ... N\A

## Itemization of Amount Financed
a. Price of Vehicle, etc. (incl. sales tax of $917.81): $26602.81
b. Service Contract, paid to: US PLATINUM: $2030.00
c. Cash Price (a+b): $28632.81
d. Trade-in allowance: $11000.00
e. Less: Amount owing, paid to (includes m): CAPITAL ONE: $14869.65
f. Net trade-in (d-e; if negative, enter $0 here and enter the amount on line m): $0.00
g. Cash payment: $3000.00
h. Manufacturer's rebate: N\A
i. Deferred down payment: N\A
j. Other down payment (describe) N\A: N\A
k. Down Payment (f+g+h+i+j): $3000.00
l. Unpaid balance of Cash Price (c-k): $25632.81
m. Financed trade-in balance: $3869.65
n. Paid to public officials, including filing fees: $106.00
o. Insurance premiums paid to insurance company(ies): $
p. DOC FEE: $135.00
q. N\A: N\A
r. N\A: N\A
s. *VERNON GENERAL GAP: $629.00
t. N\A: N\A
u. N\A: N\A
v. : $50.00
w. Total Other Charges/Amts Paid (m thru v): $4789.65
x. Prepaid Finance Charge: $50.00
y. Amount Financed (l+x): $30372.46

## Sales Agreement

Payment. You promise to pay us the principal amount of $30422.46 plus finance charges accruing on the unpaid balance at the rate of 2.9500 % per year from the date of this Contract until paid in full. Finance charges accrue on a 365 day basis.

☒ Minimum Finance Charge. You agree to pay a minimum finance charge of $39.00 if you pay this Contract in full before we have earned that much in finance charges.

### Additional Protections

☒ Service Contract
Term: SEE ATTACHMENT
Price: $2030.00
Coverage: SEE ATTACHMENT

☒ Gap Waiver or Gap Coverage
Term: SEE ATTACHMNET
Price: $629.00
Coverage: SEE ATTACHMENT

☐ N\A
Term: N\A
Price: N\A
Coverage: N\A

By: [signature] Date 09/25/15

### Insurance Disclosures
Credit Insurance. ...

Credit Life: ☐ Single ☐ Joint ☒ None  Premium N\A  Term N\A  Insured N\A

Credit Disability: ☐ Single ☐ Joint ☒ None  Premium $N\A  Term N\A  Insured N\A

### Signature Notices
The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

### Signatures
Entire Agreement. ...
By: [signature] 09/25/15

Notice to Buyer. 1 Do not sign this Contract before you read it or if it contains any blank spaces. 2 You are entitled to a completely filled-in copy of this Contract.

Buyer: [signature] 09/25/15
Seller: [signature] 09/25/15

Property Insurance. You must insure the Property. ...

## Assignment
This Contract and Security Agreement is assigned to EVANSVILLE TEACHERS FEDERAL CREDIT UNION, the Assignee, phone ___. This Assignment is made ☐ under the terms of a separate agreement made between the Seller and Assignee ☒ under the terms of the Assignment by Seller section on page 2. ☐ This Assignment is made with recourse.

Seller: [signature]

Retail Installment Contract-IN Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2010
RSIMVLF-IN 7/1/2014 Customized 8
Original
Page 1 of 2

## Additional Terms of the Sales Agreement

**Definitions.** "Contract" refers to this Retail Installment Contract and Security Agreement. The pronouns "you" and "your" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "we", "us" and "our" refer to the Seller and any entity to which it may transfer this Contract. "Vehicle" means each motor vehicle described in the *Description of Property* section. "Property" means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from us, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The "*Total Sale Price*" is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds this maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. See *Minimum Finance Charge* section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Balloon Payment.** If any scheduled payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due. You may do so on terms as favorable as the terms originally agreed to in this Contract. This right does not apply if your payment schedule is adjusted for seasonal or irregular income.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $25.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Indiana and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** From time to time you agree we may monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our reasonable attorneys' fees, on referral of this Contract to an attorney not a salaried employee of ours or an assignee of this Contract. You also agree to pay the reasonable expenses we incur realizing on any Property.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

Federal law gives us the right to apply the balance of shares and dividends in all of your accounts at the time of default to any debt owed to us by you or a joint owner of your account. Once you are in default, we may exercise this right without further notice to you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, without notice, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges, subject to any refund required by law.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the rate described in the *Payment* section until paid in full.
- After we give you any notice and opportunity to cure your default that the law requires, we may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessories, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- The security interest secures all other loans you have now or receive in the future and any other amounts or loans, including any credit card loan, you owe us for any reason now or in the future, except any loan secured by your principal residence.
- The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You agree we may file a financing statement signed by us instead of you with the appropriate public officials.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

**Note.** If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

*Si compra un vehículo usado: La información que se adhiere en la ventanilla forma parte de este contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.*

## Third Party Agreement

In this section only, "you" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

By: _____ Date: _____

## Assignment by Seller

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract.

(Separate Agreement. If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:

- This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
- The statements contained in this Contract are true and correct.
- The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
- This sale was completed in accordance with all applicable federal and state laws and regulations.
- This Contract is valid and enforceable in accordance with its terms.
- The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
- This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
- A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
- The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
- Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of nonpayment or nonperformance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compromise or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

Unless otherwise indicated on page 1, this Assignment is without recourse.

With recourse. If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

Kami Harcy

SEP 2 8 2015

66966

## STATE OF ILLINOIS
### CERTIFICATE OF TITLE OF A VEHICLE

**28389**

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL |
|---|---|---|---|
| EG165053 | 2014 | FORD | TAURUS |

G165053

| DATE ISSUED | ODOMETER | CCM | MOBILE HOME SQ. FT. | PURCHASED | TYPE TITLE |
|---|---|---|---|---|---|
| 10/06/15 | 33230 | | | 09/25/15 USED | ORIGINAL |

**MAILING ADDRESS**

EVANSVILLE TEACHERS CREDIT UNION
PO BOX 5129
EVANSVILLE IN 47716-5129

**LEGEND(S)**
ACTUAL MILEAGE

**OWNER(S) NAME AND ADDRESS**
LARRY USELTON
245 W MEADOWBROOK DR
SHAWNEETOWN IL 62984-3002

**FIRST LIENHOLDER NAME AND ADDRESS**
EVANSVILLE TEACHERS CREDIT UNION
PO BOX 5129
EVANSVILLE IN 47716-5129

**SECOND LIENHOLDER NAME AND ADDRESS**

**RELEASE OF LIEN**
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

Firm Name _____ By _____ Signature of Authorized Agent _____ Date _____
Firm Name _____ By _____ Signature of Authorized Agent _____ Date _____

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State
Secured Party: _____ Address: _____

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

**ASSIGNMENT OF TITLE**
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
WARNING-ODOMETER DISCREPANCY.

NO TENTHS

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

▶ ODOMETER READING _____
Signature(s) of Seller(s) _____
Printed Name(s) of Seller(s) _____   DATE OF SALE _____
I am aware of the above odometer certification made by seller.
Signature(s) of Buyer(s) _____ Printed Name _____

I Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any
IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS AT SPRINGFIELD.

CONTROL NO. **M4050283**

*Jesse White*
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.